IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL W. KINARD,**

    **Plaintiff,**

    v.                                               CASE NO. 18-3082-SAC

**NICOLE ENGLISH, Warden,**
**USP-Leavenworth,**

    **Defendant.**

## ORDER

Petitioner filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. At the time of filing, Plaintiff was in federal custody at USP-Leavenworth in Leavenworth, Kansas. Plaintiff challenges the warden's compliance with Federal Bureau of Prison's ("BOP") policies in failing to remove three points from his custody classification for "History of Escape."

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3). A petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). However, claims challenging a prisoner's conditions of confinement do not arise under Section 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims).

In *United States v. Garcia*, the appellants did not seek release from BOP custody, but rather both sought a court order directing the BOP to transfer them to detention facilities located closer to their families. *United States v. Garcia*, 470 F.3d 1001, 1002 (10th Cir. 2006). The

Tenth Circuit held that where appellants were in lawful custody of the BOP and sought "a change in the place of confinement rather than a shortened period of custody[,]" their challenges must be brought in a *Bivens* action. *Id.* at 1003; *see also Palma-Salazar*, 677 F.3d at 1035 (noting that Palma-Salazar did not challenge the BOP's underlying authority to hold him in custody, but rather he challenged his placement within the federal prison system); *see also Bruscino v. True*, 708 F. App'x 930, 935 (10th Cir. 2017) (unpublished) (finding claim that transfer was in retaliation for role in class action lawsuit was not properly brought in a § 2241 habeas proceeding because it challenges the conditions of confinement rather than the duration of custody).

In the present case, Plaintiff does not complain of the loss of good conduct time or of any negative impact on the duration of his sentence. Rather, he claims that his custody classification was miscalculated. Accordingly, he may not challenge his classification in a habeas corpus action; rather, he must proceed, if at all, in a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Requena v. Roberts*, 552 F. App'x. 853, 856 (10th Cir. April 7, 2014) (unpublished) (remanding to district court to determine whether petitioner had adequately alleged civil rights claims).

On April 4, 2018, the Court issued a Notice of Deficiency (Doc. 4) to Plaintiff, noting that Plaintiff's complaint was not on court-approved forms, and noting that Plaintiff has failed to either pay the filing fee or to file a motion to proceed without prepayment of fees. The Notice of Deficiency gave Plaintiff 30 days to correct the deficiencies and stated that failure to comply within the prescribed time may result in dismissal of this action without further notice for failure to comply with the Court's order. Plaintiff has failed to file his complaint on the proper civil rights forms and has failed to either pay the proper fee or to file a motion to proceed *in forma*

*pauperis*. Instead, Plaintiff sent a letter to the Court (Doc. 6) asking the Court to interpret his action as a habeas petition under § 2241, rather than a *Bivens* action. However, as set forth above, it is the nature of Plaintiff's claims, not his designation, that controls.

The filing fee for a *Bivens* action is $400.00.[1] Because Plaintiff has not filed a motion for leave to proceed *in forma pauperis*, the Court cannot determine whether Plaintiff would qualify for *in forma pauperis* status in a *Bivens* action, and what, if any, initial partial filing fee he might owe if such status is granted. Even if Plaintiff is entitled to proceed *in forma pauperis,* he would remain obligated to pay the full $350.00 filing fee, but would be allowed to do so through payments automatically deducted from his institutional account. The Court offers no opinion on the merits of such an action.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 31, 2018,** to advise the Court whether he intends to proceed in this matter under *Bivens*. If so, he must file his complaint on court-approved forms. *See* D. Kan. Rule 9.1(a). He also must either pay the filing fee in full or file a motion to proceed *in forma pauperis*. If Plaintiff fails to file a response, this matter will be dismissed.

The clerk is directed to send Plaintiff forms for filing a *Bivens* action under 28 U.S.C. § 1331 and forms for filing a motion to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 14th day of August, 2018.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE

---

[1] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.