IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL W. KINARD,

    Plaintiff,

    v.                                      CASE NO. 18-3082-SAC

NICOLE ENGLISH, Warden,
USP-Leavenworth, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Petitioner filed this pro se civil rights action while in federal custody at USP-Leavenworth in Leavenworth, Kansas. Plaintiff challenges the warden's compliance with Federal Bureau of Prison's ("BOP") policies in failing to remove three points from his custody classification for "History of Escape." On December 18, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 16) ("MOSC"), granting Plaintiff until January 18, 2019, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response. (Doc. 17.)

Plaintiff was arrested on July 23, 1989, in Washington D.C. Plaintiff is alleged to have escaped from a CCA van on July 24, 1999. In 2002, Plaintiff was transferred to BOP custody. In 2006 the BOP changed their custody procedures and stopped holding Plaintiff responsible for the alleged escape because he was not given a state disciplinary proceeding regarding the escape. Plaintiff alleges that the procedures are no longer being followed, and that the BOP refuses to correct the warden's failure to follow BOP procedures in Program Statement 5100.08 regarding custody classification. Plaintiff seeks injunctive relief and compensatory damages.

The Court found in the MOSC that Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard. *Mecahum v. Fano*, 427 U.S. 215, 224 (1976); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification")). The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005) (citing *Meachum*, 427 U.S. at 225 (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose")). "Changing an inmate's prison classification . . . ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)).

Plaintiff has not alleged that his assignment imposed any atypical and significant hardship in relation to the ordinary incidents of prison life. *Cf. Wilkinson*, 545 U.S. at 223–24 (finding atypical and significant hardship in assignment to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration).

The Court also found in the MOSC that "prison regulations are meant to guide correctional officials, not to confer rights on inmates." *Farrakhan-Muhammad v. Oliver*, 677 F.

App'x 478, 2017 WL 460982, at *1 (10th Cir. Feb. 3, 2017) (unpublished) (citing *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995)); *Cooper v. Jones*, 372 F. App'x 870, 872 (10th Cir. 2010) (unpublished) ("The process due here is measured by the Due Process Clause of the United States Constitution, not the internal policies of the prison."). Therefore, a failure to strictly follow administrative regulations "does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 486 U.S. 183, 194 (1984)).

Plaintiff's Response fails to address the deficiencies set forth in the MOSC. Plaintiff's response claims that he was denied due process in his custody classification hearing. Plaintiff claims that, in response to his administrative grievance, Defendant acknowledged that Plaintiff's conduct occurred "while outside the Bureau of Prison's custody" and Plaintiff was "found guilty of Escape from Lawful Custody in a criminal Court proceeding which exceeds the exception caveat of an institution disciplinary hearing finding that a prohibited act was committed." (Doc. 17, at 4.) Plaintiff asks for a "meaningful hearing" to have his custody scores reflect its true value. For the reasons set forth in the MOSC, the Court finds that Plaintiff's claim regarding his security classification should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 29th day of January, 2019.**

>   s/ Sam A. Crow
>   **Sam A. Crow**
>   **U.S. Senior District Judge**